**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5018**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MACK A. FLUDD, JR., a/k/a Dale T. Boutwell,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (CR-02-832-SB)

———————

Submitted:  July 25, 2007          Decided:  August 17, 2007

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

G. Wells Dickson, Jr., Charleston, South Carolina, for Appellant. John Charles Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Mack A. Fludd, Jr., was convicted on twenty-four counts of aiding and abetting others in making false statements in connection with the purchase of firearms, in violation of 18 U.S.C. §§ 2, 922(a)(6), 924(a)(2) (2000), fourteen counts of possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007), one count of engaging in the business of firearms dealing without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (2000), and 18 U.S.C.A. § 924(a)(1)(D) (West 2000 & Supp. 2007), and one count of traveling interstate with the intent to engage in the business of firearms dealing without a license, in violation of 18 U.S.C.A. § 924(n) (West 2000 & Supp. 2007). The district court sentenced Fludd to 292 months' imprisonment. Fludd timely appealed.

Fludd's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether Fludd's sentence violates United States v. Booker, 543 U.S. 220 (2005), because the facts upon which the guideline range was calculated were not admitted by Fludd or proven beyond a reasonable doubt. Additionally, Fludd's counsel questions whether the district court erred by denying Fludd's objections to the presentence report ("PSR"). Counsel states, however, that he has found no meritorious grounds for appeal. Fludd filed a pro se supplemental brief asserting additional claims. Finding no meritorious grounds for appeal, we affirm.

- 2 -

After <u>Booker</u>, a district court is no longer bound by the range prescribed by the sentencing guidelines. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). Contrary to Fludd's position, even after <u>Booker</u>, a court may properly make factual findings concerning sentencing factors by a preponderance of the evidence. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 121 (2006). We will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable. <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see also</u> <u>Rita v. United States</u>, 551 U.S. ___, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness).

Having thoroughly reviewed Fludd's sentence and his challenges to the PSR, we find that the district court properly calculated Fludd's guideline range and conclude that his sentence is reasonable. We have also thoroughly reviewed the issues raised in Fludd's pro se supplemental brief and find that they do not warrant relief. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for

appeal.  Accordingly, we affirm Fludd's convictions and sentence.

This court requires that counsel inform Fludd, in writing, of the right to petition the Supreme Court of the United States for further review.  If Fludd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fludd. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>